UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>ALLSTATE INDEMNITY COMPANY,<br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br>AND<br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>ALEKSANDR GULKAROV,<br>ROMAN ISRAILOV,<br>AZU AJUDUA,<br>   f/k/a "AZU AJUDUA, M.D.,"<br>ROLANDO JOSE MENDEZ CHUMACEIRO, M.D.,<br>VYACHESLAV MUSHYAKOV, AND<br>ARKADIY KHAIMOV,<br><br>    Defendants. | C.A. No. 1:22-cv-02219 |

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company (collectively, "Allstate"), by their attorneys, King, Tilden, McEttrick & Brink, P.C., allege as follows:

## I.    INTRODUCTION

1.    Defendants Aleksandr Gulkarov, Roman Israilov, Azu Ajudua, Rolando Jose Mendez Chumaceiro, M.D., Vyacheslav Mushyakov, and Arkadiy Khaimov (collectively, "Defendants") breached a confidential settlement agreement ("Agreement") that existed between them and Allstate.

1

2. Allstate brings this action against the Defendants to enforce the terms of the Agreement.

3. A copy of the Agreement is annexed at Exhibit A.[1]

## II. THE PARTIES

### A. PLAINTIFFS

4. Allstate Insurance Company is a corporation duly organized and existing under the laws of the State of Illinois.

5. Allstate Insurance Company's principal place of business is located in Northbrook, Illinois.

6. Allstate Insurance Company was authorized to conduct business in the State of New York at all relevant times.

7. Allstate Indemnity Company is a corporation duly organized and existing under the laws of the State of Illinois.

8. Allstate Indemnity Company's principal place of business is located in Northbrook, Illinois.

9. Allstate Indemnity Company was authorized to conduct business in the State of New York at all relevant times.

10. Allstate Fire & Casualty Insurance Company is a corporation duly organized and existing under the laws of the State of Illinois.

---

[1] A placeholder is filed herewith at Exhibit A whereas the parties expressly agreed that the Agreement would be filed under seal if an enforcement lawsuit was required. See Exhibit A. Accordingly, Allstate will, under separate cover following the filing of this Complaint and judicial assignment, move for leave to file the Agreement under seal. Pursuant to the Next Gen CM/ECF User's Guide for the Eastern District of New York, a copy of the Agreement will be attached to the motion for leave to file under seal solely for the purpose of the Court's consideration and determination of this motion.

11. Allstate Fire & Casualty Insurance Company's principal place of business is located in Northbrook, Illinois.

12. Allstate Fire & Casualty Insurance Company was authorized to conduct business in the State of New York at all relevant times.

13. Allstate Property & Casualty Insurance Company is a corporation duly organized and existing under the laws of the State of Illinois.

14. Allstate Property & Casualty Insurance Company's principal place of business is located in Northbrook, Illinois.

15. Allstate Property & Casualty Insurance Company was authorized to conduct business in the State of New York at all relevant times.

**B.    DEFENDANTS**

16. Defendant Aleksandr Gulkarov ("Gulkarov") resides in and is a citizen of the State of New York.

17. Defendant Roman Israilov ("Israilov") resides in and is a citizen of the State of New York.

18. Defendant Arkadiy Khaimov ("Khaimov") resides in and is a citizen of the State of New York.

19. Defendant Vyacheslav Mushyakov ("Mushyakov") resides in and is a citizen of the State of New York.

20. Defendant Azu Ajudua ("Ajudua") resides in and is a citizen of the State of New York.

21. Defendant Rolando Jose Mendez Chumaceiro, M.D. ("Chumaceiro") resides in and is a citizen of the State of New York.

**III.    JURISDICTION AND VENUE**

22.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Allstate and each of the Defendants are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs and attorneys' fees.

23.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(a)(2) and (c) because a substantial part of the events or omissions giving rise to this action occurred within the Eastern District of New York.  Alternatively, venue is proper here under 28 U.S.C. § 1391(b) because a Defendant may be found in this District.

**IV.    STATEMENT OF FACTS**

24.    On December 16, 2020, Allstate filed an action against the Defendants and others entitled *Allstate Insurance Company, et al. v. Hollis Novel Comprehensive Medical, P.C., et al.*, C.A. No. 1:20-cv-06108-ENV-RER (hereinafter "Allstate Suit").

25.    Thereafter, Allstate and all of the Defendants mutually agreed to resolve the Allstate Suit through the Agreement.

26.    The Agreement was executed by Allstate and all of the Defendants, and became effective on October 22, 2021.

27.    The Allstate Suit was dismissed and closed on October 25, 2021.

**A.    THE AGREEMENT**

28.    The Defendants agreed to several material terms as part of the Agreement, including the promise to tender timely settlement payments.  *See* Exhibit A.

29.    Under Paragraph II.A of the Agreement, the Defendants agreed, collectively, to pay Allstate the sum total of $225,000.00 as part of the settlement.

30. The Defendants agreed to pay $75,000.00 upon execution of the Agreement, and then pay the remaining $150,000.00 balance through monthly installments of $12,500.00.

31. Under Paragraph II.A of the Agreement, the Defendants agreed to pay $12,500.00 by the first day of each month, starting on November 1, 2021 and ending on October 1, 2022.

32. The Defendants also agreed that they were jointly and severally liable for the monthly installment payments.

33. In exchange, Allstate agreed to release the Defendants and dismiss the Allstate Suit.

34. Allstate performed its obligations under the Agreement by releasing the Defendants and dismissing the Allstate Suit with prejudice.

**B.　THE BREACH**

35. The Defendants breached the Agreement by failing to tender timely payments due under Paragraph II.A.

36. The Defendants tendered the initial payment and then tendered timely payments totaling $37,500.00 for the installments due November 1, 2021, December 1, 2021 and January 1, 2022, but the Defendants have not tendered any further payments.

37. The Defendants were required to tender an installment payment of $12,500.00 on or before February 1, 2022 ("February 2022 Installment").

38. The Defendants failed to tender timely payment of the February 2022 Installment.

39. Under Paragraph II.A and VII.A of the Agreement, the parties agreed that tendering timely installment payments was a material term, and that a party's failure to satisfy any material term was a breach of the Agreement.

40. Therefore, the Defendants breached a material term of the Agreement by failing to tender timely payment of the February 2022 Installment.

41. The Agreement required Allstate to serve written notice of a breach upon the breaching Defendants.

42. On February 28, 2022, Allstate served a written breach notice upon the breaching Defendants, through their counsel, in accordance with the notice terms set out under Paragraph VIII.A of the Agreement. *See* Exhibit B.

43. The breaching Defendants then had ten (10) calendar days until March 10, 2022 to cure the breach by tendering payment of the February 2022 Installment.

44. The Defendants failed to cure the breach within the period required under the Agreement.

45. The Defendants have failed to tender any payment of the February 2022 Installment.

46. Since the breach, the Defendants have also failed to tender timely payment of the installments due March 1, 2022 and April 1, 2022 despite Allstate's diligent, good-faith attempts to address these further breaches and obtain the outstanding payments.

    C.    **DAMAGES CAUSED BY BREACH**

47. Allstate has been damaged by the Defendants' breach of the Agreement.

48. At the time of breach, the Defendants owed to Allstate a settlement balance of $112,500.00.

49. Under Paragraph II.A of the Agreement, the parties agreed that "Allstate may accelerate payment of the entire remaining settlement balance, and immediately take action to collect from Ajudua, Chumaceiro, Gulkarov, Israilov, Mushyakov, and/or Khaimov all amounts due and owing."

50. Accordingly, Allstate is entitled to recover actual damages from the Defendants in the amount of $112,500.00.

51. Allstate is also entitled to recover liquidated damages from the Defendants because of their breach of the Agreement.

52. Under Paragraph II.A, the parties expressly agreed that "Allstate shall be entitled to recover liquidated damages from Ajudua, Chumaceiro, Gulkarov, Israilov, Mushyakov, and Khaimov in the amount of one hundred fifty percent (150%) of the remaining settlement balance at the time of breach."

53. The parties also expressly agreed that "any liquidated damages are to be paid in addition to the amount of the remaining settlement balance at the time of breach."

54. The parties further expressly agreed that the "liquidated damages provision is reasonable, not excessive, and fairly correlates to the amount of damages that Allstate would suffer due to the breach of this Agreement."

55. Accordingly, Allstate is also entitled to recover liquidated damages from the Defendants in the amount of $168,750.00.

**V.     CAUSE OF ACTION**

### COUNT I
**Breach of Contract**
**(Against Aleksandr Gulkarov, Roman Israilov, Azu Ajudua, Rolando Jose Mendez Chumaceiro, M.D., Vyacheslav Mushyakov, and Arkadiy Khaimov)**

56. Allstate re-alleges, re-pleads, and incorporates by reference the allegations made in ¶¶ 1-55 as if set forth fully herein.

57. The Defendants breached a material term of the Agreement by failing to tender a timely settlement payment.

58. Allstate notified the Defendants of the breach in writing in accordance with the Agreement.

59. The Defendants failed to timely cure the breach after Allstate's notice.

60. The Defendants remain in breach of the Agreement by failing to tender payment of the February 2022 Installment at any time.

61. The Defendants' breach caused Allstate to suffer damages, which are comprised of the remaining balance owed under the Agreement.

62. The Defendants must therefore tender payment of $112,500.00, which constitutes the remaining balance owed under the Agreement at the time of breach.

63. The Defendants must also pay liquidated damages in the amount of $168,750.00, plus all of Allstate's attorney's fees and costs incurred in enforcing the Agreement.

## VI. DEMAND FOR RELIEF

### COUNT I
### Breach of Contract
**(Against Aleksandr Gulkarov, Roman Israilov, Azu Ajudua, Rolando Jose Mendez Chumaceiro, M.D., Vyacheslav Mushyakov, and Arkadiy Khaimov)**

a. AWARD Allstate's actual and consequential damages in the amount of $112,500.00;

b. AWARD liquidated damages to Allstate in the amount of $168,750.00;

c. AWARD Allstate's attorney's fees and costs incurred in enforcing the Defendants' breach of the Agreement;

d. GRANT all other relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury on all claims.

        KING, TILDEN, MCETTRICK & BRINK, P.C.,

        */s/ Richard D. King, Jr.*
        _____
        Richard D. King, Jr. (RK8381)
        rking@ktmpc.com
        Nathan A. Tilden (NT0571)
        ntilden@ktmpc.com
        Michael W. Whitcher (MW7455)
        mwhitcher@ktmpc.com
        1325 Franklin Ave, Suite 320
        Garden City, NY 11530
        (347) 710-0050

        Attorneys for the Plaintiffs,
        *Allstate Insurance Company,*
        *Allstate Indemnity Company,*
        *Allstate Property & Casualty Insurance Company,*
        *and Allstate Fire and Casualty Insurance Company*

Dated: April 19, 2022