UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,
*et al.*,

         Plaintiffs,

    -against-

ALEKSANDR GULKAROV, *et al.*,

         Defendants.
--------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
22 CV 2219 (EK) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

  On April 19, 2022, plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company (collectively, "Allstate" or "plaintiffs") commenced this action against defendants Aleksandr Gulkarov, Roman Israilov, Azu Ajudua, f/k/a "Azu Ajudua, M.D.," Rolando Jose Mendez Chumaceiro, M.D., Vyacheslav Mushyakov, and Arkadiy Khaimov (collectively, "defendants"), alleging that defendants had breached a confidential settlement agreement that they had entered into with Allstate to settle an action captioned <u>Allstate Insurance Company, *et al.* v. Hollis Novel Comprehensive Medical, P.C., *et al.*</u>, Docket No. 20 CV 6108, and assigned to the Honorable Eric Vitaliano (the "Original Action"). Jurisdiction is based on 28 U.S.C. § 1332, in that all of the Allstate entities are of diverse citizenship from each of the defendants and the amount in controversy exceeds $75,000. (ECF No. 1 ¶ 22).

  On January 4, 2023, this Court respectfully recommended that defendants be held jointly and severally liable for their breach of the Settlement Agreement, and that plaintiffs be awarded damages in the amount of $281,250.00, consisting of $112,500.00 in contract damages and $168,750.00 in liquidated damages as provided for in the Agreement, plus pre- and post-

judgment interest to be determined once plaintiffs submit additional briefing and documentation. (ECF No. 47). To the extent that plaintiffs have requested an award of fees and costs, the Court reserved decision pending further submissions from plaintiffs. (Id.)

Following the filing of the Report and Recommendation, plaintiffs' counsel filed a letter dated January 18, 2023, seeking pre-judgment interest in the amount of $20,805.00, and post-judgment interest. (Pls.' 1/18/23 Ltr. at 2-3) (ECF No. 54).

A. Pre-Judgment Interest

As noted in the Court's earlier Report and Recommendation, under New York law, a prevailing party on a claim for breach of contract is entitled to prejudgment interest "as a matter of right" from the date that a breach of contract occurred until the date of final judgment. Arch Ins. Co. v. Sky Materials Corp., No. 17 CV 2829, 2021 WL 966110, at *9 (E.D.N.Y. Jan. 29, 2021), report and recommendation adopted, 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021); see also N.Y. C.P.L.R. §§ 5001-5002. The law provides that interest shall be calculated at the non-compounded rate of 9% per annum, N.Y. C.P.L.R. § 5004, computed from "the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b).

In this case, Allstate's claims for breach of the Agreement arose on March 11, 2022, the day after the defendants' deadline to cure the breach that occurred when the February payment was not tendered. (See Pls.' 1/18/23 Ltr. at 2); see Arch Ins. Co. v. Sky Materials Corp., 2021 WL 966110, at *9. Using the statutory rate of 9% per annum, multiplied times the total amount of the recommended judgment, plaintiffs contend that total interest owed per year is $25,312.50. (Id.) If that amount is divided by 365, the number of days in a year, the amount of interest owed on a daily basis is $69.35. (Id.) Plaintiffs calculate a total amount of interest owed as $20,805.00, based on the estimate that 300 days elapsed between the deadline to cure (March 11,

2022) and the date of the January 4, 2023 Report and Recommendation. (Id.) However, plaintiffs have slightly miscalculated the number days that have elapsed between March 11, 2022 and January 4, 2023; 299 days have passed, not 300. Accordingly, given that 299 days have passed, the total amount of interest owed is $20,735.65.

Having reviewed plaintiffs' calculations, the Court respectfully recommends that plaintiffs receive an award of prejudgment interest of $20,735.65, running to the date of the Report and Recommendation. Since an additional 28 days have elapsed between the date of the Report and Recommendation, plaintiffs are entitled to an additional $1,941.80, for a total of $ 22,677.45 owed in prejudgment interest through the date of this Report and Recommendation.

It is also respectfully recommended that plaintiffs be awarded an additional amount in pre-judgment interest, calculated at the rate of nine percent per annum from the date of this Report and Recommendation until the date final judgment is entered.

B. Post Judgment Interest

As noted in the initial Report and Recommendation, plaintiffs are also entitled to an award of post-judgment interest, pursuant to 28 U.S.C. § 1961(a), on damage awards issued by a district court. See Arch Ins. Co. v. Sky Materials Corp., 2021 WL 966110, at *10 (citing Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008)). In their January 18, 2023 letter, although plaintiffs state that they are entitled to post-judgment interest pursuant to Section 1961(a), plaintiffs assert incorrectly that the rate of that post-judgment interest shall be 9% per annum pursuant to N.Y. C.P.L.R. § 5004. In diversity actions, like here, the post-judgment interest is calculated using the federal rate pursuant to Section 1961(a), and not N.Y. C.P.L.R. § 5004. Cappiello v. ICD Publications, Inc., 720 F.3d 109, 112 (2d Cir. 2013) (holding that "under [Section] 1961, federal district courts must apply the federal rate of post-judgment interest to

judgments rendered in diversity actions"); see also Soto v. Los Corbaticas Deli Grocery II Corp., No. 18 CV 3602, 2018 WL 4844018, at *7 (S.D.N.Y. Oct. 5, 2018) (stating that "[p]ost-judgment interest is calculated using the federal rate set forth in 28 U.S.C. § 1961), report and recommendation adopted, 2018 WL 6173713 (S.D.N.Y. Nov. 23, 2018).

Interest under 28 U.S.C. § 1961(a) is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). The Second Circuit has held that post-judgment interest is mandatory on all awards in civil cases as of the date judgment is entered. Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996). Accordingly, it is respectfully recommended that plaintiff be awarded post-judgment interest at the federal statutory rate from the date judgment is entered until it is paid.

C. Attorneys' Fees

To the extent that plaintiffs' application included a request for attorneys' fees and costs, plaintiffs withdraw that request in their January 18, 2023 letter. (Pls.' 1/18/23 Ltr. at 2).

## CONCLUSION

Accordingly, for the reasons set forth above, it is respectfully recommended that defendants be held jointly and severally liable for prejudgment interest at a rate of nine percent per annum calculated from March 11, 2022 until the date final judgment is entered and post-judgment interest at the statutorily prescribed rate on the totality of plaintiff's award, as calculated by the Clerk of Court, from the date judgment is entered until the date it is paid.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: February 1, 2023
      Brooklyn, New York

                                      /s/ Cheryl L. Pollak
                                      CHERYL L. POLLAK
                                      Chief United States Magistrate Judge
                                      Eastern District of New York